UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-22221-GAYLES/TORRES

**JOSE A. ESCALONA MUGICA**,

    Plaintiff,

v.

**MOLINA TOWING, INC.,**

    Defendant.

_____/

**ORDER**

**THIS CAUSE** came before the Court on Plaintiff's Motion for Entry of Default Final Judgment Against Molina Towing Inc. (the "Motion"). [ECF No. 47]. The Court has reviewed the Motion and the record and is otherwise fully advised. As set forth below, the Motion is granted in part.

**BACKGROUND**

For approximately three months, Plaintiff Jose A. Escalona Mugica ("Plaintiff") worked as a tow truck driver for Defendant Molina Towing, Inc. ("Defendant"). On June 15, 2023, Plaintiff filed this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, alleging that he was a non-exempt employee and that Defendant failed to pay him minimum and overtime wages. [ECF No. 1]. On June 28, 2023, Plaintiff filed his Statement of Claim estimating that he was owed $2,666.00 in unpaid minimum wages and $4,004.00 in unpaid overtime. [ECF No. 6]. Defendant answered the Complaint on September 18, 2023. [ECF No. 17].

The parties proceeded to conduct discovery. Defendant repeatedly failed to comply with Plaintiff's discovery requests and Chief Magistrate Judge Torres's Orders compelling compliance.

As a result, on March 28, 2024, Judge Torres granted Plaintiff's request for sanctions against Defendant under Federal Rule of Civil Procedure 37 and entered a default in favor of Plaintiff as to Defendant's liability (the "Default Order"). [ECF No. 46]. In the Default Order, Judge Torres advised the parties that they had 14 days to appeal any ruling with the District Judge. *Id.* Defendant did not appeal the entry of default.

On April 29, 2024, Plaintiff filed the instant Motion, seeking a default judgment against Defendant. [ECF No. 47]. On May 14, 2024, and July 9, 2024, the Court held an evidentiary hearing as to Plaintiff's damages. Both Plaintiff and Tony Lopez, Defendant's owner, testified at trial; neither was particularly credible.[1] Further, the records produced by both sides were incomplete. However, the evidence did establish that Plaintiff worked for Defendant from October 28, 2022, to December 31, 2022, and again from January 8, 2023, to February 14, 2023, for a total of 14 weeks and 2 days. Based on this record, the Court finds that Defendant paid Plaintiff $6,220 over the course of five payments: (1) $1,000 by Zelle on November 30, 2022; (2) $1,400 in cash on December 8, 2022; (3) $700 by Zelle on January 9, 2023; (4) $1,620 by check on January 19, 2023; and (5) $1,500 by check on February 2, 2023.[2]

## **DISCUSSION**

"After a default is entered against a defendant, he is deemed to have admitted the plaintiffs' well-pleaded factual allegations . . . ." *Maus v. Ennis*, 513 F. App'x 872, 880 (11th Cir. 2013).

---

[1] During the hearing, Plaintiff presented date-stamped photos of cars he purportedly towed during his employment and contended that those photos were evidence of the range of hours he worked. Photographs of cars are not conclusive evidence that Plaintiff towed each one. And, at best, those photos show that Plaintiff's hours were sporadic. There is nothing in the record to suggest, beyond Plaintiff's incredible testimony, that Plaintiff worked more than 8 hours per day. In fact, were the Court not bound by the Default and, therefore, the allegations in the Complaint, the Court would not find that Plaintiff worked forty hours per week or that he was non-exempt employee.

[2] Defendant's self-created chart (Exhibit 6) states that Defendant paid Plaintiff $1,750 via Zelle on February 2, 2023; however, the record reflects two Zelle payments totaling $1,700. Defendant's chart also states that Defendant twice "gave" Plaintiff $1,600 to fix a BMW on December 22, 2022, and on February 16, 2023, and gave Plaintiff $1,400 on January 5, 2023, to fix a tow truck. Beyond Defendant's chart and Mr. Lopez's self-serving testimony, there is no additional evidence supporting these payments. Even so, giving Plaintiff money to fix vehicles is not competent evidence of compensation.

However, "a defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Indeed, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law" when a plaintiff seeks a default judgment. *Id.* at 1206. Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id.*

Judge Torres entered a default against Defendant as to liability; therefore, Defendant is deemed to have admitted Plaintiff's well-pleaded factual allegations. "Nevertheless, the Court must decide the amount and character of damages to be awarded based on its own evaluation." *De La Cruz v. EB Services, Inc.*, No. 19-80097-CIV, 2019 WL 11505392, at *2 (S.D. Fla. July 30, 2019), (internal quotation marks omitted), *report and recommendation adopted*, No. 9:19-CV-80097, 2019 WL 11505390 (S.D. Fla. Sept. 17, 2019). Where, as is the case here, a defendant fails to keep adequate records, an "FLSA Plaintiff can satisfy his burden by producing sufficient evidence to prove that he performed work for which he was improperly compensated and sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* (internal quotation marks omitted). The burden then "shifts to the employer to come forward with evidence of the precise amount of work performed or evidence to [negate] the reasonableness of the inference to be drawn from the employee's evidence[] . . . Unless the employer meets this burden, a court may award approximate damages based on the employee's evidence." *Id.* (internal quotation marks omitted).

Based on the evidence presented, the Court finds that Plaintiff adequately pled his claim for unpaid minimum wages under the FLSA and that he is entitled to $332 in unpaid minimum wages.[3] However, the Court finds that Plaintiff did not present sufficient evidence to show that he

---

[3] Plaintiff worked for Defendant for 9 weeks (or 360 hours) in 2022. The minimum wage in Florida in 2022 was $11/hour. Therefore, Defendant should have paid Plaintiff $3,960 for work performed in 2022. Plaintiff worked for Defendant for 5 weeks and 2 days (or 216 hours) in 2023. The minimum wage in Florida in 2023 was $12/hour.

worked more than forty hours per week such that he would be entitled to overtime. Indeed, the photographs of, and receipts for, towed cars at best show that Plaintiff worked sporadic hours. As a result, the only evidence that Plaintiff worked overtime are his own statements—testimony the Court does not find credible. Therefore, the Court will not award Plaintiff overtime.

As the prevailing party, Plaintiff is entitled to attorney's fees. *See* 29 U.S.C. § 216(b) (providing that a court "shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Plaintiff's counsel submitted billing records totaling $11,917.50 in attorney's fees and $1,664.50 in costs for a total of $13,582.00. [ECF No. 47-3]. The Court finds these amounts to be reasonable.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Entry of Default Final Judgment Against Molina Towing Inc., [ECF No. 47], is GRANTED in part.
2. Judgment is entered in favor of Plaintiff Jose A. Escalona Mugica and against Defendant Molina Towing, Inc. for $332 in unpaid minimum wages and $13,582 in attorney's fees and costs for a total of $13,914, for which sum let execution issue.
3. This case is CLOSED.

**DONE AND ORDERED** in Miami, Florida, this **Tuesday, November 19, 2024.**

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record

---

Therefore, Defendant should have paid Plaintiff $2,592 for work performed in 2023. Accordingly, Defendant should have paid Plaintiff a total of $6,552 in minimum wages. Less the $6,220 Defendant already paid Plaintiff, Plaintiff is entitled to the sum of $332.